Gregory v. Sadie Cotton Mills

MINNIE ALICE GREGORY, EMPLOYEE, PLAINTIFF v. SADIE COTTON MILLS, INC., EMPLOYER; LIBERTY MUTUAL INSURANCE COMPANY, CARRIER; AND/OR LUMBERMENS MUTUAL CASUALTY COMPANY, CARRIER; AND/OR NATIONAL YARN MILLS, EMPLOYER; LUMBERMENS MUTUAL INSURANCE COMPANY, CARRIER; AND/OR EAGLE YARN MILLS, EMPLOYER; AMERICAN MUTUAL INSURANCE COMPANY, CARRIER; AND/OR MUR-GLO SPINNING COMPANY, EMPLOYER; MARYLAND CASUALTY COMPANY, CARRIER; DEFENDANTS

No. 8810IC83

(Filed 7 June 1988)

Master and Servant § 68— workers' compensation—date of total disability—effect of working a few days per year

The evidence supported a determination by the Industrial Commission that plaintiff became totally disabled on 1 October 1968 from chronic obstructive pulmonary disease and that her compensation should be based on the version of N.C.G.S. § 97-29 in effect on that date, although she worked a few days in some of the years from 1969 to 1980, since plaintiff's unsuccessful attempts to work during those years, when considered with the medical evidence, demonstrated her total incapacity to earn wages.

APPEAL by plaintiff from Opinion and Award of the Industrial Commission filed 21 October 1987. Heard in the Court of Appeals 5 May 1988.

On 27 July 1984, plaintiff filed a claim for compensation for disability arising from an occupational lung disease listing Sadie Cotton Mills, Inc. as her last employer. On 22 October 1984, plaintiff filed a motion to add as defendants Eagle Yarn Mills, National Yarn Mills and Mur-Glo Spinning Company. This motion was allowed by Deputy Commissioner Burgwyn. On 25 November 1985, Deputy Commissioner Haigh allowed the motion of Sadie Cotton Mills and its carrier Liberty Mutual Insurance Company to add as a defendant Lumbermens Mutual Casualty Company for the period it provided insurance coverage for Sadie Cotton Mills.

On 13 November 1986, Deputy Commissioner Haigh filed an Opinion and Award concluding that plaintiff was totally disabled as a result of an occupational disease, chronic obstructive pulmonary disease, from 1 October 1968 to 1 April 1969 and from 1 July 1969 to date. The Commissioner determined that plaintiff's last injurious exposure to the hazards of her occupational disease occurred while she was employed by Sadie Cotton Mills in 1968

and ordered Sadie Cotton Mills and its carrier in 1968, Lumbermens Mutual Casualty Company, to pay the award under the provisions of G.S. 97-29 in effect on 1 October 1968. Plaintiff was awarded a lump sum payment of $12,000.00, less $3,000.00 in attorney's fees, as well as medical expenses and costs. Plaintiff appealed to the full Industrial Commission. On 21 October 1987, the Industrial Commission changed the lump sum award from $12,000.00 to $13,520.00 but otherwise affirmed and adopted Commissioner Haigh's Opinion and Award. Plaintiff appeals.

*Lore & McClearen, by R. Edwin McClearen, for plaintiff-appellant.*

*Michael K. Gordon for defendants-appellees Sadie Cotton Mills, Inc. and Lumbermens Mutual Casualty Company.*

SMITH, Judge.

Defendants filed motions to dismiss the appeal as to each defendant. Without opposition from plaintiff, the motions were granted as to all defendants except Sadie Cotton Mills, Inc. and Lumbermens Mutual Casualty Company. As to these remaining defendants, plaintiff brings forward several assignments of error designated in her brief as one argument. Plaintiff sets forth as the primary issue on appeal the extent of her disability and the date on which it occurred. The date of total disability determines which version of the compensation statute applies and thus the amount of compensation due. The Industrial Commission found plaintiff became totally disabled on 1 October 1968 and awarded compensation under the statute in effect on that date. Plaintiff contends that she was only partially disabled at that time and that she did not become totally disabled until 13 January 1980. Thus, she seeks total disability compensation, attorney's fees, and medical compensation under the version of the total disability statute, G.S. 97-29, in effect in 1980. Plaintiff also asks this Court to remand this case to the Industrial Commission for findings to determine whether she is entitled to compensation for partial disability from 1 July 1969 to 13 January 1980. We have reviewed plaintiff's assignments of error and affirm the Opinion and Award of the Industrial Commission.

Deputy Commissioner Haigh's findings of fact, adopted by the Industrial Commission, are that plaintiff was born on 7 March

1908 and began working in cotton textile mills at the age of 15. She worked in textile mills at least parts of each year from 1923 to 1980 except for the years 1961, 1963-64, 1970-73, and 1975-79. Plaintiff was employed at over 100 textile mills but worked for only brief periods and earned less than $100.00 at most of these mills. Her highest annual earnings were $3,221.00 at Sadie Cotton Mills during her last full year of work, 1967. She worked for Sadie Cotton Mills the first three quarters of 1968; for Mur-Glo Spinning Company part of the second and third quarters of 1969, earning $581.14; for Sadie Cotton Mills for 33 hours in 1974, earning $79.53; for Eagle Yarn Mills for 32 hours in 1974, earning $84.00; and for National Yarn Mills for two days in 1980, earning $64.00.

At an undetermined time, plaintiff began experiencing breathing problems, including a smothering sensation, wheezing and coughing up phlegm. She has been treated by physicians for her breathing problems since the 1950's and was hospitalized for breathing problems in June and August 1976 and June 1977. She was discharged from the hospital in June 1976 with no symptoms and on no medication. Plaintiff has smoked an average of one pack of cigarettes daily since around 1925 and, although she quit smoking for three years, currently smokes seven to eight cigarettes a day. The Industrial Commission found that plaintiff continued to experience breathing problems while working for Mur-Glo Spinning Mills in 1969, for Sadie Cotton Mills and Eagle Yarn Mills in 1974, and for National Yarn Mills in 1980. Her breathing problems continued after she last worked in 1980.

Plaintiff's average weekly wage in the third quarter of 1968, when she worked for Sadie Cotton Mills, was $56.34. Except for the period in 1969 when plaintiff worked for Mur-Glo Spinning Company, her breathing problems have made her unable to "hold out" in textile jobs.

The Industrial Commission found that plaintiff developed chronic obstructive pulmonary disease with components of emphysema, asthmatic bronchitis, and byssinosis to the extent that she had severe pulmonary impairment by October 1968. Cotton dust exposure, cigarette smoking and asthmatic bronchitis were found to have contributed to her lung disease. The byssinotic element of the disease was found to have been caused by exposure to cotton dust although cigarette smoking and old age have con-

tributed to the progression of the disease. The Industrial Commission also found that none of the employment after her employment with Sadie Cotton Mills in 1968 had individually "proximately augmented" the disease. Finally, the Industrial Commission found that due to age, limited education, work experience and physical limitations of the chronic obstructive pulmonary disease, plaintiff was incapable of earning any wages with Sadie Cotton Mills or any other employer from 1 October 1968 to 1 April 1969 and from 1 July 1969 to date.

Based on these findings of fact, the Industrial Commission made several conclusions of law. It determined plaintiff's chronic obstructive pulmonary disease was an occupational disease under the provisions of G.S. 97-53(13) and awarded plaintiff total disability compensation from 1 October 1968 to 1 April 1969 and from 1 July 1969 to date. The Industrial Commission also concluded that Sadie Cotton Mills was plaintiff's employer during her last injurious exposure in a single employment to the hazards of the occupational disease and ordered Sadie Cotton Mills and Lumbermens Mutual Casualty Company to pay the compensation awarded.

On appeal, plaintiff excepts to the findings of fact and conclusions of law regarding the 1968 date of disability and the compensation awarded based on this date. Compensation is payable under the Workers' Compensation Act for incapacity from total disability. G.S. 97-29. "The term 'disability' means incapacity because of injury to earn the wages which the employee was receiving at the time of injury in the same or any other employment." G.S. 97-2(9). In occupational disease cases, disablement is treated as an injury by accident. G.S. 97-52. Disablement in occupational disease cases other than asbestosis and silicosis is the equivalent of disability as defined by G.S. 97-2(9). G.S. 97-54. Thus, plaintiff is entitled to compensation for total disability from her occupational disease if her disablement resulted in the incapacity to earn the wages she was earning before her disablement in the same or other employment.

To support the conclusion of disability, the Industrial Commission must find that because of plaintiff's injury she was incapable of earning the same wages she had earned before her injury either in the same or other employment. *Hilliard v. Apex*

*Cabinet Co.,* 305 N.C. 593, 290 S.E. 2d 682 (1982). The Industrial Commission found that plaintiff's average weekly wage when she last worked regularly during the third quarter of 1968 was $56.34. The Industrial Commission also found that due in part to plaintiff's occupational disease she was incapable of earning any wages from 1 October 1968 to 1 April 1969 and from 1 July 1969 to date in her employment with Sadie Cotton Mills or any other employer. The Commission also found that the wages earned after 1 July 1969 "were meager at most and were earned only sporadically and for a brief period of time." "The findings of the Industrial Commission are conclusive on appeal when supported by competent evidence even though there be evidence to support a contrary finding. However, the Commission's legal conclusions are reviewable by the appellate courts." *Hilliard v. Apex Cabinet Co.,* 305 N.C. at 595, 290 S.E. 2d at 684 (citations omitted). In this case, the Commission's findings of fact are supported by the evidence and are binding on appeal. Further, the findings are sufficient to support the conclusion that plaintiff was totally disabled for the dates indicated.

Plaintiff contends that the wages she earned after 1969 compel a finding that she was not totally disabled until 1980, when she last worked. Her brief cites her testimony that she did not work after 1969 because transportation was inconvenient and she wanted to rest and that, although she was not sure she could "hold out," she might have been able to work. We disagree that the testimony requires a different finding for the date of disability. The fact that plaintiff worked a few days in some of the years from 1969 to 1980 "do[es] not tend to negate the evidence in the record that the plaintiff was incapable of earning the 'same wages' [she] was receiving at the time [she] first suffered injury from the occupational disease." *Dowdy v. Fieldcrest Mills,* 308 N.C. 701, 710, 304 S.E. 2d 215, 220 (1983), *reh'g denied,* --- N.C. ---, 311 S.E. 2d 590 (1984). Plaintiff's attempts to work after 1969 are evidence of her inability to earn the same wages as before her disability. Dr. Shanks testified that plaintiff had severe respiratory impairment since 1968. Her own testimony was that she left the job in 1969 because of her breathing problems and that she had to quit the other jobs after this time because she was having breathing problems and could not "hold out." The Industrial Commission's conclusion that plaintiff was totally dis-

abled in 1969 is supported by the findings of fact which are in turn supported by the evidence.

Plaintiff cites *Smith v. American & Efird Mills*, 305 N.C. 507, 290 S.E. 2d 634 (1982), as requiring a finding that plaintiff was partially disabled from 1969 to 1980 and totally disabled after 1980. In *Smith*, the employee left his job at a textile mill in 1968 due to breathing problems and obtained other sedentary employment. His weekly wages began to decline in 1970 and continued to decline until 1973. He had no earnings for the fourth quarter of 1973 or for 1974, 1975, or 1976. During each quarter of 1977, he had some earnings but had no earnings since the end of 1977. He filed a claim for workers' compensation benefits on 8 June 1978. The Industrial Commission awarded compensation for 300 weeks beginning 1 January 1970, the point in time when the employee's average weekly wage showed its first decline, and medical expenses for the same 300-week period. There was no appeal from the Commission's finding of permanent partial disability from 1970-78. In deciding which version of the compensation statute applied, our Supreme Court found that "[a]ll of the evidence in this record discloses that [the employee] did not become totally disabled until 1978." *Id.* at 511, 290 S.E. 2d at 637. Plaintiff contends *Smith* controls and requests this Court to remand her case for determinations regarding partial disability from 1969 to 1980 and total disability from 1980. We disagree. The record in this case discloses that plaintiff did not continue earning wages after 1969; plaintiff's unsuccessful attempts to work during these years when considered in conjunction with the medical evidence merely demonstrate her total incapacity to earn wages.

Affirmed.

Judges JOHNSON and PHILLIPS concur.