PEACE v. J. P. STEVENS CO.

[95 N.C. App. 129 (1989)]

---

ISOM J. PEACE, Employee, Plaintiff v. J. P. STEVENS COMPANY, Employer, and LIBERTY MUTUAL INSURANCE COMPANY, Carrier, Defendants

No. 8810IC1159

(Filed 15 August 1989)

**Master and Servant § 69— workers' compensation—amount of compensation—statutes in effect at time of total disability controlling**

The Industrial Commission erred in limiting plaintiff's award of compensation for total disability to the maximum total compensation payable pursuant to the Workers' Compensation Act in effect in 1973 when plaintiff became partially disabled rather than the statutes in effect in 1981 when he became totally disabled.

APPEAL by plaintiff from Opinion and Award of the Industrial Commission filed 20 June 1988. Heard in the Court of Appeals 10 May 1989.

PEACE v. J. P. STEVENS CO.

[95 N.C. App. 129 (1989)]

On 4 August 1982 plaintiff, Isom J. Peace, filed a claim for workers' compensation benefits alleging that he suffered from an occupational disease caused by his exposure to cotton dust and other substances. A hearing was conducted on 13 August 1984. After considering the depositions and medical reports of a doctor selected by the Industrial Commission (Commission) and a doctor chosen by plaintiff along with other exhibits, Deputy Commissioner Brenda B. Becton filed an opinion and award on 18 June 1987. She found and concluded that plaintiff, in fact, suffered from an occupational disease, chronic obstructive pulmonary disease. She also found that "plaintiff's employment with J. P. Stevens from 1966 until 1975 was his last injurious exposure to the hazards of his occupational disease." The Deputy Commissioner further concluded that plaintiff became partially disabled on 1 January 1973 and that he was entitled to an award of two-thirds of the difference between his average weekly wage and his actual earnings for a period of 300 weeks. In addition, the Deputy Commissioner determined that beginning 1 November 1981 plaintiff became totally incapacitated due to his occupational disease and, as a consequence, was entitled to compensation of $139.79 per week beginning 1 November 1981 for so long as he remained totally disabled. Finally, the award and order required defendants to pay all plaintiff's medical expenses related to his chronic obstructive pulmonary disease. Defendants appealed this award to the Industrial Commission.

On 20 June 1988 the Commission issued its opinion and award. The Commission vacated the Deputy Commissioner's findings of fact and conclusions of law and, based upon its review of the record, made new findings and conclusions.

The full Commission concluded that plaintiff suffered from an occupational disease which resulted in his being partially disabled beginning 1 January 1973. They also found that on or about 1 October 1981 plaintiff became totally disabled as a result of his occupational disease. The Commission awarded plaintiff compensation "at the rate of $56.00 per week beginning January 1, 1973" for his partial disability. In addition, as compensation for his total disability the Commission concluded that "[p]laintiff is entitled to compensation at the rate of $56.00 per week for 400 weeks beginning October 1, 1981. G.S. 97-29. However, the total compensation due in this case cannot exceed $20,000.00, the maximum in effect on January 1, 1973." The Commission also ordered that plaintiff's continuing medical expenses be paid by defendants so long as the

PEACE v. J. P. STEVENS CO.

[95 N.C. App. 129 (1989)]

treatment provided relief. Finally, the Commission noted that in the event "plaintiff's cause of action for total disability is a new claim when he became totally disabled on October 1, 1981, his average weekly wage at that time would entitle him on [sic] to 66⅔ percent of $52.42 per week, this being his earnings for the 52 weeks prior thereto." From the full Commission's award and opinion, plaintiff appeals.

*Charles R. Hassell, Jr. for plaintiff-appellant.*

*Mullen, Holland, Cooper, Morrow, Wilder & Sumner, by H. Randolph Sumner, for defendant-appellees.*

EAGLES, Judge.

Plaintiff complains that the Commission erred in limiting his award of compensation for total disability to the maximum total compensation payable pursuant to the Workers' Compensation Act in effect in 1973 rather than the statutes in effect in 1981 when he became totally disabled. We agree and reverse the Industrial Commission's opinion.

The facts here are not in dispute. Plaintiff was born in 1911 and completed the eighth grade in school. During 1939 plaintiff first became employed in the textile industry and he continued to work in the mills until 1975. During this time he worked primarily as a loom fixer or mechanic. While working in the mills he was exposed to cotton dust and other synthetic materials. The Commission found that plaintiff had no respiratory problems as a child, but that he noticed a shortness of breath and productive cough sometime in 1966 when he was working for defendant Stevens at its Shelby plant. As he continued working in the mills his symptoms worsened causing him to miss significant amounts of work from 1973 through 1975. After April 1975 plaintiff's symptoms were so severe that he could no longer work in the mills. He obtained part-time work as a security guard and until October 1981 worked at various other jobs part time. Because his breathing problems had continued to worsen, he stopped working completely in 1981.

The Commission specifically found that plaintiff has "severe chronic obstructive pulmonary disease which was classified as Class IV according to AMA criteria or greater than 50% whole body impairment," and that "[h]is cumulative exposure to cotton dust in his several employments placed him at an increased risk of

developing chronic obstructive pulmonary disease compared to members of the general public without that exposure."

The Commission's opinion finds that plaintiff was disabled initially on 1 January 1973 and concludes that "[t]he rights and liabilities of the parties are controlled by the law in effect on that date." As of 1 January 1973 G.S. 97-41 limited total compensation paid under the Workers' Compensation Act (Act) to $20,000. However, the General Assembly repealed G.S. 97-41 effective 1 July 1975. Here the Commission limited plaintiff's total compensation award to $20,000.

Plaintiff argues that this court's decision in *Smith v. American and Efird Mills*, 51 N.C. App. 480, 277 S.E.2d 83 (1981), *modified and affirmed*, 305 N.C. 507, 290 S.E.2d 634 (1982), requires that the Commission's award be reversed. We agree.

In *Smith* the Court of Appeals described the issue as whether "an employee may recover under the Workers' Compensation Act [the Act] for disability due to an occupational disease which at its inception was only partially debilitating, but which developed over time into a totally disabling condition." *Id.* at 485, 277 S.E.2d at 86-87. Like the instant case the plaintiff in *Smith* had initially been declared partially disabled due to an occupational disease. The Commission awarded plaintiff compensation for his partial disability. All of the evidence before the Commission further indicated that as a result of plaintiff's disease he subsequently became totally disabled. However, the Commission in *Smith* failed to make an explicit finding that plaintiff was totally disabled and no compensation was awarded to plaintiff as a result of his total disability. While recognizing that the case had to be remanded for this critical finding, our court's opinion discussed the ultimate issue of plaintiff's entitlement to compensation for his total disability so as to avoid further costs and delay. The court determined that if upon remand plaintiff was found totally disabled, then he would be entitled to full compensation for *both* his partial disability and his total disability so long as the periods of partial and total disability did not overlap. *Id.* at 490, 277 S.E.2d at 89.

The *Smith* court next addressed whether the plaintiff should be compensated for his total disability under the 1970 or 1978 version of the Act. The employee had first become disabled in 1970, but was not permanently and totally disabled until 1978. There we stated the following:

PEACE v. J. P. STEVENS CO.

[95 N.C. App. 129 (1989)]

We are well aware that the law of this jurisdiction is that the applicable version of the statute is the one in effect when the disability occurs. *Wood v. Stevens & Co.*, 297 N.C. 636, 256 S.E.2d 692 (1979). As applied to the present facts, however, this simple rule can become difficult to apply unless one bears in mind the rationale for the rule as stated in the case: The date of disability is the date upon which the employee's claim accrues and the date upon which the employer becomes liable. *Id.* at 644, 650, 256 S.E.2d at 697, 701. We read *Wood* to require that a given statute within the Act be applied as it read at the time plaintiff first gained rights and defendant first became liable under that statute. We do not understand the *Wood* holding to require that the entire Workers' Compensation Act be applied as it existed at the time plaintiff's right to proceed under any provision of the Act first accrued. We believe plaintiff could become disabled, for the purpose of determining the applicable version of a statute, at different times under different statutes.

In 1970, plaintiff became partially disabled under G.S. 97-30 and thus became entitled to recover for partial disability under the 1970 version of that statute. Plaintiff had no right to claim compensation, nor was the employer exposed to liability, under G.S. 97-29 until 1978 when plaintiff appears to have become totally disabled; therefore, plaintiff became disabled, for purposes of G.S. 97-29, on the date in 1978 when his disability became total, and the version of G.S. 97-29 then in effect should be applied in determining the compensation to be awarded thereunder.

*Id.* at 491, 277 S.E.2d at 90.

On appeal our Supreme Court "approve[d] and adopt[ed] as [their] own the well-reasoned and well-documented decision of the unanimous panel of the Court of Appeals." *Smith v. American & Efird Mills*, 305 N.C. 507, 510, 290 S.E.2d 634, 636 (1982). We find no distinction between the instant case and *Smith* and, accordingly, we hold that when determining plaintiff's compensation for his total disability the 1981 version of the Act applies.

Defendants contend that two cases subsequent to *Smith* require a contrary result: *Dowdy v. Fieldcrest Mills*, 308 N.C. 701, 304 S.E.2d 215 (1983), and *Gregory v. Sadie Cotton Mills*, 90 N.C. App. 433, 368 S.E.2d 650, *disc. rev. denied*, 322 N.C. 835, 371 S.E.2d

277 (1988). Both are distinguishable. In *Dowdy* plaintiff employee quit his job in 1976 because of breathing problems. He had missed work due to those breathing problems beginning in 1973. Employee did not file a claim for workers' compensation benefits until 1978. The employer argued that the employee's claim was not timely filed pursuant to G.S. 97-58. The Industrial Commission entered an award in favor of the employee due to his total disability beginning 1 March 1976. The Court of Appeals affirmed the Commission's ruling. The Supreme Court found "that the plaintiff was disabled within the meaning of G.S. 97-58(c) no later than 1974 and that the claim filed by him on 24 February 1978 does not establish timely filing required to confer jurisdiction on the Industrial Commission to hear the claim." *Id.* at 705, 304 S.E.2d at 218. In the instant case defendants do not contend that plaintiff's claim for workers' compensation benefits was not timely and, accordingly, *Dowdy* does not apply here.

Our decision in *Gregory* is distinguishable on its facts. There the employee was found to be totally disabled on 1 October 1968 and was awarded compensation based on the version of the statute, G.S. 97-29, in effect in 1968. The employee argued that she was only partially disabled on 1 October 1968 and was not totally disabled until 13 January 1980. She sought total disability compensation pursuant to the 1980 version of G.S. 97-29. In *Gregory* we held that the record supported the Commission's finding that the total disability began 1 October 1968 and, accordingly, we upheld the Commission's award. Here defendants do not assign as error the Commission's findings about the nature and extent of plaintiff's disabilities.

Plaintiff also excepted to the Commission's determination of his average weekly wage on 1 October 1981. Because plaintiff failed to address that issue in his brief, he has abandoned that issue. N.C. App. R. 28(a).

In summary, we reverse the portion of Commission's opinion and award which ordered that plaintiff's total disability compensation be based on the 1973 version of the Act and remand the case to the Commission for computation of plaintiff's compensation benefits in accordance with this opinion.

Reversed and remanded.

Judges PARKER and ORR concur.