ROBERT GLENN CREWS, EMPLOYEE-PLAINTIFF v. NORTH CAROLINA DEPART-MENT OF TRANSPORTATION, EMPLOYER, SELF-INSURED, DEFENDANT

No. 9010IC1182

1. **Master and Servant § 96.5 (NCI3d) — workers' compensation — disfigurement award — findings sufficient**

   A deputy commissioner's findings, adopted by the Commission, were sufficient to support an award of workers' compensation for disfigurement. The Commission was not required to make evidentiary findings, only such ultimate findings as were needed to resolve the issue.

   **Am Jur 2d, Workmen's Compensation § 322.**

2. **Master and Servant § 96.5 (NCI3d) — disfigurement — no distinction for bodily and facial disfigurement — no error — required prospectively**

   There was no error in a workers' compensation award for disfigurement which did not separately specify the compensation for bodily and for facial disfigurement. However, N.C.G.S. § 97-31(21) has now been amended to allow different maximum awards for facial and bodily disfigurement and separate awards should be entered in the future.

   **Am Jur 2d, Workmen's Compensation § 322.**

3. **Administrative Law and Procedure § 60 (NCI4th); Appeal and Error § 315 (NCI4th) — workers' compensation — disfigurement — sufficiency of evidence — insufficient record**

   The defendant's argument that a workers' compensation award for disfigurement was not supported by the evidence failed where defendant did not provide the Court of Appeals

CREWS v. N.C. DEPT. OF TRANSPORTATION

[103 N.C. App. 372 (1991)]

with the record of evidence in the case. N.C. Rules of Appellate Procedure, Rules 9 and 18(c).

**Am Jur 2d, Workmen's Compensation § 617.**

4. **Master and Servant § 69 (NCI3d) — workers' compensation — monetary limit raised — law in effect at time of injury**

The Industrial Commission erred by increasing a workers' compensation award for a brain injury from $10,000 to $20,000 where the statutory limit was raised after the injury. The longstanding rule is that a worker's right to compensation is governed by the law in effect at the time of the injury. N.C.G.S. § 97-31(24).

**Am Jur 2d, Workmen's Compensation § 34.**

5. **Master and Servant § 69 (NCI3d) — workers' compensation — reduction of award — remand**

A workers' compensation award was remanded for further consideration in the exercise of the Commission's judgment where the Commission reduced the award for plaintiff's loss of his spleen but erroneously increased the award for plaintiff's brain injury. There is at least a possibility that there was some interplay between the spleen award and the brain injury award.

**Am Jur 2d, Workmen's Compensation § 641.**

APPEAL by plaintiff and defendant from an opinion and award of the Industrial Commission filed 14 August 1990. Heard in the Court of Appeals 3 June 1991.

In this Workers' Compensation case, plaintiff was injured in a compensable accident on 22 September 1986. Pursuant to a Form 21 agreement between plaintiff and defendant, plaintiff was awarded compensation for temporary total disability beginning 18 October 1986 and continuing for an undetermined number of weeks. Plaintiff returned to full-time employment by 1 June 1987. After having returned to work, plaintiff requested a hearing and following that hearing, Deputy Commissioner Morgan S. Chapman entered an opinion awarding plaintiff $1,800.00 for disfigurement, $5,000.00 for the loss of his spleen, and $10,000.00 for damage to his brain. Both plaintiff and defendant appealed to the Full Commission.

On review, the Commission modified the original award to reduce plaintiff's spleen loss award to $2,500.00 and to increase plaintiff's brain damage award to $20,000.00. The Commission did not disturb the disfigurement award.

Both plaintiff and defendant gave notice of appeal from the Commission's award.

*Pennington & Wicks, by Ralph S. Pennington, for plaintiff-appellee.*

*Attorney General Lacy H. Thornburg, by Assistant Attorney General Victor H. E. Morgan, Jr., for defendant-appellant.*

WELLS, Judge.

## Defendant's Appeal

[1] In its first argument, defendant contends that the Commission failed to make findings of fact sufficient to support plaintiff's disfigurement award. The Commission adopted Deputy Commissioner Chapman's findings contained in paragraph 6 of her order. We quote:

6. As a result of this injury by accident, plaintiff has sustained serious and permanent facial and bodily disfigurement which mars his appearance to such an extent that it may reasonably be presumed to lessen his future opportunities for remunerative employment and so reduce his future earning capacity. The fair and equitable amount of compensation for this loss under the Workers' Compensation Act is $1,800.00.

First, defendant contends these findings are not "specific," and are therefore not sufficient. The Commission was not required to make evidentiary findings, only such ultimate findings as needed to resolve this issue. *See Guest v. Iron & Metal Co.,* 241 N.C. 448, 85 S.E.2d 596 (1955); *accord, Kennedy v. Duke Univ. Med. Center,* 101 N.C. App. 24, 398 S.E.2d 677 (1990). The Commission having made such ultimate findings, this argument must fail.

[2] Next, defendant contends that these findings are "defective" because they do not specify how much compensation is "due" for facial and for bodily disfigurement. Defendant cites no authority for this proposition except that compensation for facial and bodily

CREWS v. N.C. DEPT. OF TRANSPORTATION

[103 N.C. App. 372 (1991)]

disfigurement is allowed in separate subsections of G.S. § 97-31. In cases such as this one, where there is both facial and bodily disfigurement, our courts have previously approved awards where the Commission did not specify in its opinion separate amounts for each category of disfigurement, but made one award to compensate the injured worker for both types of disfigurement. *See, e.g., Baxter v. Arthur Co.*, 216 N.C. 276, 4 S.E.2d 621 (1939). Effective 5 August 1987, G.S. § 97-31(21) was amended to allow a maximum award of $20,000.00 for head or facial disfigurement, while the maximum for bodily disfigurement under § 97-31(22) was left unchanged at $10,000.00. While this change in the law does not affect the outcome of this case, it appears clear to us that in future cases, separate awards should be entered in cases involving both types of disfigurement. In this case, we do not disturb the Commission's disfigurement award.

[3] In its next argument, defendant contends that the evidence in this case does not support the Commission's disfigurement finding. Defendant not having provided this Court with the record of evidence in this case, its argument must fail. *See* Rule 9 of the Appellate Rules of Procedure.

[4] In its next argument, defendant contends that the Commission erred in increasing plaintiff's award from $10,000.00 to $20,000.00 for permanent injury to his brain. At the time of plaintiff's injury on 22 September 1986, the monetary limit on awards under G.S. § 97-31(24) for permanent injury to an important internal organ of the body was $10,000.00. Effective 5 August 1987, the statute was amended to increase the limit of such awards to $20,000.00.

The longstanding rule in this State is that a worker's right to compensation for accidental injury is governed by the law in effect at the time of the injury. *See Wood v. Stevens & Co.*, 297 N.C. 636, 256 S.E.2d 692 (1979), and cases and authorities cited and relied upon therein. We note that a case of this type is distinguishable from those cases in which injured workers who have been receiving compensation for partial disability have been allowed the benefit of the law in effect when they later became totally disabled. *See, e.g., Peace v. J. P. Stevens Co.*, 95 N.C. App. 129, 381 S.E.2d 798 (1989). The injury having occurred prior to the 1987 amendment to the statute, we must therefore hold that plaintiff's compensation for injury to his brain could not exceed $10,000.00.

*Plaintiff's Appeal*

**[5]** Plaintiff has not filed an appellant brief, but in his appellee brief he argues that the Commission erred in reducing the award for loss of his spleen from $5,000.00 to $2,500.00. Defendant has not properly preserved this question for our review, *see* Rule 10 of the Appellate Rules of Procedure, but because of the unusual aspects of this case, we address this question *ex mero motu.*

The Commission erroneously increased plaintiff's brain injury award to $20,000.00. There is at least a possibility that in the exercise of the Commission's judgment, there was some interplay between the spleen award and the brain award. Upon remand, the Commission shall limit the brain award to $10,000.00, but may, in the exercise of its judgment, if it deems it appropriate to do so, amend the spleen award.

The Commission may also reconsider and amend its award of attorney's fees, if it deems it appropriate to do so.

Affirmed in part, reversed in part, and remanded.

Judges ARNOLD and PHILLIPS concur.